## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL J. GETCHELL
On behalf of himself and a class
of employees and/or former employees
similarly situated,

      Plaintiff,

vs.

ADVANCED FIBER PRODUCTS, INC.,
FIBERPRO, INC.,
CHARLES M. LINNELL, and
JON O. NOMMENSEN,

      Defendants.

Case No:    14-CV-772

---

## COMPLAINT

---

The plaintiff, on behalf of himself and a class of similarly situated employees and/or former employees, through his attorneys, Moen Sheehan Meyer, Ltd., files this Complaint against Defendants, Advanced Fiber Products, Inc., Fiberpro, Inc., Charles M. Linnell, and Jon O. Nommensen, as follows:

### INTRODUCTION

1.     This is a <u>collective action</u> for unpaid minimum wages and overtime brought pursuant to 29 U.S.C. § 201, et seq., ("FLSA") and a <u>class action</u> for unpaid minimum wages and overtime under Wisconsin laws brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2.     This Court has original jurisdiction of the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

[1]

3.     This Court has supplemental jurisdiction over the Wisconsin law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the claims under federal law that they form part of the same case or controversy.

4.     Pursuant to 28 U.S.C. § 1391(b) and (c), venue is appropriate and this Court has personal jurisdiction because (1) a substantial part of the events or omissions giving rise to these claims occurred within this judicial district; (2) all Defendants reside in this judicial district; and (3) all Defendants regularly conduct business within the judicial district.

## PARTIES

5.     Plaintiff, **Daniel J. Getchell** ("Getchell" or "Plaintiff") is a U.S. citizen and a citizen of Wisconsin, residing at 1011 17th Street South, La Crosse, Wisconsin 54601. Getchell's domicile is Wisconsin because he intends to remain in Wisconsin indefinitely.  Getchell is a former employee of Defendants.  During his employment with the defendants, Getchell worked as a machine operator.

6.     Getchell has consented in writing to be a party Plaintiff in this action, and his written consent form, required by 29 U.S.C. § 216(b), is certified and attached hereto as Exhibit A.

7.     Defendant **Advanced Fiber Products, Inc.**, ("Advanced Fiber Products") is a domestic for-profit corporation organized under Chapter 180 of the Wisconsin Statutes.  Advanced Fiber Products is engaged in the business of manufacturing standard and custom fiberglass pultrusions at its 2970 Luoyang Avenue, La Crosse, Wisconsin location.

[2]

8.    Advanced Fiber Products' principle office and the office of its registered agent, Rita M. Durhman, are located at 200 Cameron Avenue, La Crosse, Wisconsin 54601.

9.    Defendant **Fiberpro, Inc.,** ("Fiberpro") is a domestic for-profit corporation organized under Chapter 180 of the Wisconsin Statutes.  Fiberpro is engaged in the business of manufacturing standard and custom fiberglass pultrusions at its 2970 Luoyang Avenue, La Crosse, Wisconsin location.

10.    Fiberpro's principle office and the office of its registered agent, Charles M. Linnell, are located at 2970 Luoyang Avenue, La Crosse, Wisconsin 54601.

11.    Upon information and belief, Defendant **Charles M. Linnell**, is a principle of Advanced Fiber Products Inc. and Fiberpro, Inc.  He is a U.S. citizen who resides at 4710 Southfield Green, La Crosse, Wisconsin 54601, and he intends to remain in Wisconsin indefinitely.

12.    Upon information and belief, Defendant **Jon O. Nommenson**, is a principle of Advanced Fiber Products Inc. and Fiberpro, Inc.  He is a U.S. citizen who resides at 2110 Clearwater Driver, Onalaska, Wisconsin 54650, and he intends to remain in Wisconsin indefinitely.

13.    Each defendant (collectively "Defendants") is an "employer" within the meaning of 29 U.S.C. § 203(d), (r) and (s), and Wisconsin Stat. §§ 103.001(6), 104.01(3), and 109.01(2).

14.    Advanced Fiber Products is a "Covered Enterprise" within the meaning of the FLSA because:

[3]

a. Advanced Fiber Products' gross sales or business are equal to or greater than $500,000.00; and

b. Advanced Fiber Products operates in interstate commerce.

15. Fiberpro is a "Covered Enterprise" within the meaning of the FLSA because:

a. Fiberpro's gross sales or business are equal to or greater than $500,000.00; and

b. Fiberpro operates in interstate commerce.

## FACTUAL ALLEGATIONS

16. Defendants are in the business of manufacturing standard and custom fiber glass pultrusions at their manufacturing facility located at 2970 Luoyang Avenue, La Crosse, Wisconsin 54601.

17. Defendants employ workers to operate the machines required in the manufacturing process ("Machine Operators" or "Class Members").

18. Defendants operate their manufacturing facility 24-hours a day, dividing labor into three shifts:

a. From 7:00 a.m. to 3:00 p.m.;

b. From 3:00 p.m. to 11:00 p.m.; and

c. From 11:00 p.m. to 7:00 a.m.

19. Defendants require Machine Operators to arrive to work before their shift begins to be debriefed from the Machine Operator that operated the machine during the previous shift.

[4]

20.     Defendants require Machine Operators to work past their shift time to debrief Machine Operators taking over the machine for the subsequent shift.

21.     Defendants pay Machine Operators only for the work performed within the hours of their shifts.

22.     Defendants refuse to pay Machine Operators for the work they perform outside their shift hours during the required debriefing process.

23.     Defendants' policy and practice of not paying Machine Operators minimum wages and overtime for the work they perform for Defendants is "willful" within the meaning of 29 U.S.C. § 255 (a).

## CLASS ALLEGATIONS

24.     Plaintiff seeks to represent two distinct classes: (a) an FLSA class (Counts 1-2 and (b) a Wisconsin class (Counts 3-4).

      a.    The FLSA class (Counts 1-2) consists of all current and former employees of Defendants who have worked for Defendants without proper compensation within the past three years.   The named Plaintiff can demonstrate a "colorable basis" that other members of the FLSA class were victims of common decisions, policies, or plans with similarly situated issues.

      b.    The Wisconsin class consists of all Wisconsin citizens who meet the criteria set forth in subparagraph (a), but who assert their claim pursuant to Counts 3-4.

25.     There are questions of fact and law common to both classes, including the following:

      a.    Whether Defendants require Machine Operators to arrive early for their shifts and/or stay late past their shifts to engage in the required debriefing process.

     b.     Whether Defendants fail to pay Machine Operators minimum and/or overtime wages for the time they spend working during the required debriefing process.

     c.     Whether Defendants failure to pay Machine Operators' standard or overtime wages is "willful" under the FLSA.

     d.     Whether Defendants are liable to Machine Operators for liquidated damages under 29 U.S.C. § 216(b).

     e.     Whether Defendants are liable to Machine Operators for attorney's fees associated with this action.

26.     The Plaintiff's claims are typical of the class he seeks to represent. Moreover, the questions of law or fact common to the Class Members predominate over any questions affecting only individual members, as all Class Members are current or former employees who were not paid their standard wages and/or overtime wages by Defendants.

27.     Plaintiff will fairly and adequately protect the interests of the class. The interests of the named Plaintiff are coincident with, and not antagonistic to, those of the class.

28.     The named Plaintiff is represented by competent counsel that is experienced in complex litigation, business and employment law, personnel management, computer technology and electronic discovery. Counsel is licensed to practice in Wisconsin and has been admitted to practice before the U.S. District Courts for the Western District of Wisconsin.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy and is consistent with the legislative history and objectives of the Fair Labor Standards Act.

[6]

30.    Maintenance of this action as a class action will promote equitable administration of justice because pursing claims on an individual basis would be disproportionately expensive.

31.    The prosecution of separate claims by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of that class that would establish incompatible standards of conduct for Defendants.


## COUNT 1
## FAILURE TO PAY MIMIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT

32.    Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

33.    During the (3) three years preceding this action, or since the commencement of employment (whichever is applicable), Defendants have failed to pay Plaintiff and Class Members a minimum wage for their work as described in the paragraphs above and as required by 29 U.S.C. § 206(a).

34.    Defendants violation is "willful" within the meaning of 29 U.S.C. § 255(a).


## COUNT 2
## FAILURE TO PAY OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

35.    Plaintiff re-alleges and incorporates the preceding paragraphs, as if fully set forth herein.

36.    During the three (3) years preceding this action, or since the commencement of employment (whichever is applicable), Defendants have failed to pay

[7]

Plaintiff and the Class Members for the activities described in the paragraph above.  In doing so, Defendants have failed to pay Plaintiff and the Class Members at the rate of one and one half (1 ½)  times their regular hourly rate of pay for all hours that they worked in excess of 40 hours in a single week, as required under 29 U.S.C. § 207(a).

37.     Defendants' violation of 29 U.S.C. § 207(a) is "willful" within the meaning of 28 U.S.C. § 255(a).

### COUNT 3
### FAILURE TO PAY MINIMUM WAGES UNDER WISCONSIN LAW

38.     Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

39.     During the (3) three years preceding this action, or since the commencement of employment (whichever is applicable), Defendants have failed to pay Plaintiff and Class Members for their work as described in the paragraphs above and as required by Wis. Admin. Code § DWD 272.12.

40.     Defendants failed to pay Plaintiff and Class Members a State minimum wage for hours worked as required by DWD § 272.03.

### COUNT 4
### FAILURE TO PAY OVERTIME UNDER WISCONSIN LAW

41.     Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

42.     Defendants have failed to pay Plaintiff and Class Members for the activities described in the above paragraph at the rate of one and one half (1 ½) times their regular hourly rate of pay for all hours that they have been employed in excess of 40

[8]

hours in a single week, as required by Wis. Stat. §§ 104.02, 109.03, and Wis. Admin. Code § DWD 274.03.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff and Class Members requests that this Court:

a.      Issue notice to all similarly situated Machine Operators of Defendants informing them of their right to file consent forms to join the FLSA portion (FLSA class) of this action, and designate this action as a collective action pursuant to 29 U.S.C. § 216(b);

b.      Certify the claims under Wisconsin law as set forth in Counts 3-4 as a class action (Wisconsin class) pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.      Determine that Defendants violated the FLSA and Wisconsin Law by not paying wages and overtime to Plaintiff and Class Members for the activities described in the paragraphs above;

d.      Permanently enjoin Defendants from violating the FLSA and Wisconsin wage and hour law;

e.      Award Plaintiff and Class Members their unpaid regular hourly rate of pay for hours of work up to 40 hours per week and their unpaid overtime rate of pay for all hours of work in excess of 40 hours per week;

f.      Award the members of the FLSA class liquated damages in an amount equal to the amount of their unpaid regular and overtime wages under 29 U.S.C. § 216(b);

g.      Award the members of the Wisconsin class liquidated damages in the amount equal to 50% of the amount of their unpaid regular and overtime wages under Wis. Stat. § 109.11(2);

h.      Award Plaintiff and Class Members their costs and attorney's fees under 29 U.S.C. § 216(b) and Wis. Stat. § 109.11;

i.      Such other and further relief as the Court deems just and proper.


## DEMAND FOR JURY TRIAL

Plaintiffs and Class Members hereby respectfully demand a jury trial pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P. 38(a).


Dated this 6th day of November, 2014.

MOEN SHEEHAN MEYER, LTD.

Justin W. Peterson (SBN 1087366)
James Naugler (SBN 1012171)
201 Main Street, Suite 700
La Crosse, WI 54601
(608) 784-8310